**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Leonard Chunn, | CIV 12-294-PHX-DGC (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

Petitioner Robert Leonard Chunn, who is confined in the Central Arizona Correctional Facility in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer (Doc. 8), and Petitioner has filed a Reply (Doc. 9).

## BACKGROUND[1]

On October 19, 2007, the State of Arizona indicted Petitioner on 10 counts of sexual exploitation of a minor and dangerous crimes against children, class 2 felonies. (Exh. A.) On May 1, 2008, Petitioner pled guilty to two counts of attempted sexual exploitation of a minor and dangerous crimes against children, class 3 felonies. (Exh. B.) The trial court, thereafter, sentenced Petitioner to 5 years' imprisonment on Count 1 and suspended sentence as to Count 2, imposing lifetime probation. (Exh. C.)

---

[1] Unless otherwise noted, the following facts are derived from the Exhibits submitted with Doc. 8 – Respondents' Answer.

1     Petitioner filed a subsequent Notice of Post-Conviction Relief and a Petition for Post-Conviction Relief, raising two claims: (1) the sentence imposed was illegal because Arizona Revised Statute ("A.R.S.") § 13-604.01 was "vague and overbroad" in regards to its application to attempt crimes; and (2) trial counsel rendered ineffective assistance by failing to raise a claim that A.R.S. § 13-604.01 was vague and overbroad. (Exhs. D, E.)

    In response, the State argued that there was nothing illegal about the sentence in that Petitioner's offenses were plainly punishable under section 13-604.01, and that the sentencing range was clearly defined in the statute. (Exh. F at 3-4.) The State additionally contended that because the sentences imposed were proper, Petitioner's ineffective assistance of counsel claim was meritless. (Exh. F at 4.)

    On January 1, 2010, the trial court dismissed the Petition for Post-Conviction Relief, "[f]or the reasons set forth in the State's Response." (Exh. G.) On August 3, 2011, the Arizona Court of Appeals denied Petitioner's Petition for Review, which raised the same claims as his Petition for Post-Conviction Relief. (Exhs. H, I.)

    On February 13, 2012, Petitioner filed the instant Petition for Writ of Habeas Corpus. (Doc. 1.) Petitioner raises two grounds for relief: (1) trial counsel rendered ineffective assistance by failing to object on the ground that Petitioner's offenses were not subject to an enhanced sentencing range as dangerous crimes against children because the state did not present evidence establishing the age of the victims; and (2) A.R.S. § 13-3553 violates due process because it does not define how a victim's age is to be proven. (Doc. 1.)

## DISCUSSION

    In their Answer, Respondents contend that the claims presented in Petitioner's habeas petition are procedurally defaulted. Respondents argue that because Petitioner cannot establish the requisite cause and prejudice or a fundamental miscarriage of justice, he is not entitled to federal habeas review of these procedurally defaulted claims.

**A.    Exhaustion and Procedural Default**

    A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513

1  U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991).  To
2  properly exhaust state remedies, a petitioner must fairly present his claims to the state's
3  highest court in a procedurally appropriate manner.  See O'Sullivan v. Boerckel, 526 U.S.
4  838, 839-46 (1999).  In Arizona, a petitioner must fairly present his claims to the Arizona
5  Court of Appeals by properly pursuing them through the state's direct appeal process or
6  through appropriate post-conviction relief.  See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th
7  Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

8        Proper exhaustion requires a petitioner to have "fairly presented" to the state courts
9  the exact federal claim he raises on habeas by describing the operative facts and federal legal
10 theory upon which the claim is based.  See, e.g., Picard v. Connor, 404 U.S. 270, 275-78
11 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim
12 he urges upon the federal courts.").  A claim is only "fairly presented" to the state courts
13 when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim
14 under the United States Constitution."  Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000)
15 (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner
16 fails to alert the state court to the fact that he is raising a federal constitutional claim, his
17 federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

18       A "general appeal to a constitutional guarantee," such as due process, is insufficient
19 to achieve fair presentation.  Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518
20 U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005)
21 ("Exhaustion demands more than drive-by citation, detached from any articulation of an
22 underlying federal legal theory.").  Similarly, a federal claim is not exhausted merely because
23 its factual basis was presented to the state courts on state law grounds – a "mere similarity
24 between a claim of state and federal error is insufficient to establish exhaustion."  Shumway,
25 223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.

26       Even when a claim's federal basis is "self-evident," or the claim would have been
27 decided on the same considerations under state or federal law, a petitioner must still present
28 the federal claim to the state courts explicitly, "either by citing federal law or the decisions

of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

Additionally, under the independent state grounds principle, a federal habeas court generally may not review a claim if the state court's denial of relief rests upon an independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32. The United States Supreme Court has explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

Id. at 730-31. A petitioner who fails to follow a state's procedural requirements for presenting a valid claim deprives the state court of an opportunity to address the claim in much the same manner as a petitioner who fails to exhaust his state remedies. Thus, in order to prevent a petitioner from subverting the exhaustion requirement by failing to follow state procedures, a claim not presented to the state courts in a procedurally correct manner is deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

Claims may be procedurally barred from federal habeas review based upon a variety of factual circumstances. If a state court expressly applied a procedural bar when a petitioner attempted to raise the claim in state court, and that state procedural bar is both "independent"[2] and "adequate"[3] – review of the merits of the claim by a federal habeas court is barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default

---

[2] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[3] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-53 (1982)).

1  prevents the state court from reaching the merits of a federal claim, that claim can ordinarily
2  not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977)
3  and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

4         Moreover, if a state court applies a procedural bar, but goes on to alternatively address
5  the merits of the federal claim, the claim is still barred from federal review. See Harris v.
6  Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of
7  a federal claim in an *alternative* holding.  By its very definition, the adequate and
8  independent state ground doctrine requires the federal court to honor a state holding that is
9  a sufficient basis for the state court's judgment, even when the state court also relies on
10 federal law. ... In this way, a state court may reach a federal question without sacrificing its
11 interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322
12 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not
13 undermined where, as here, the state court simultaneously rejects the merits of the claim.")
14 (citing Harris, 489 U.S. at 264 n.10).

15        Furthermore, a subsequent "silent" denial of review by a higher court simply affirms
16 a lower court's application of a procedural bar. See Ylst, 501 U.S. at 803 ("where ... the last
17 reasoned opinion on the claim explicitly imposes a procedural default, we will presume that
18 a later decision rejecting the claim did not silently disregard that bar and consider the
19 merits").

20        A procedural bar may also be applied to unexhausted claims where state procedural
21 rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred
22 from habeas review when not first raised before state courts and those courts "would now
23 find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir.
24 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only
25 when a state court has been presented with the federal claim,' but declined to reach the issue
26 for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally
27 barred.'") (quoting Harris, 489 U.S. at 263 n.9).

28

In Arizona, claims not previously presented to the state courts via either direct appeal or collateral review are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category. See Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on appeal or in prior petitions for post-conviction relief), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because Arizona's procedural rules are consistently and regularly followed and are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of that claim by a federal habeas court. See Stewart, 536 U.S. at 860 (determinations made under Arizona's procedural default rule are "independent" of federal law); Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001) ("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in several cases.") (citations omitted), reversed on other grounds, Stewart v. Smith, 536 U.S. 856 (2002); see also Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998) (rejecting argument that Arizona courts have not "strictly or regularly followed" Rule 32 of Arizona Rules of Criminal Procedure); State v. Mata, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

The federal court will not consider the merits of a procedurally defaulted claim unless a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman, 501 U.S. at 750-51; Murray, 477 U.S. at 495-96. Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir.

2004) (citations and internal quotations omitted). Ignorance of the State's procedural rules or other forms of general inadvertence or lack of legal training and a petitioner's mental condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly present his claim. Regarding the "miscarriage of justice," the Supreme Court has made clear that a fundamental miscarriage of justice exists when a Constitutional violation has resulted in the conviction of one who is actually innocent. See Murray, 477 U.S. at 495-96.

**B.     Grounds One and Two**

Having reviewed the record, the Court finds that Petitioner's habeas claims are procedurally defaulted. Petitioner failed to fairly present his habeas claims on direct appeal or collateral review. Rather, Petitioner's habeas claims are presented for the first time on federal plenary review. Consequently, these claims are not exhausted because they were not fully and fairly presented to state courts. See 28 U.S.C. § 2254(b). Failure to fairly present Grounds One and Two has resulted in procedural default because Petitioner is now barred from returning to the state courts. See Ariz.R.Crim.P. 32.2(a), 32.4(a), 32.9(c). Although a procedural default may be overcome upon a showing of cause and prejudice or a fundamental miscarriage of justice, see Coleman, 501 U.S. at 750-51, Petitioner has not established that any exception to procedural default applies.

## CONCLUSION

Grounds One and Two set forth in Petitioner's habeas petition are procedurally defaulted, and Petitioner has not established cause for his failure to raise his claims in state court, actual prejudice, or demonstrated that a miscarriage of justice would result if these issues are not addressed. Thus, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

///

///

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 22nd day of October, 2012.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge